UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:18 CR 182 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELLE DAILEY, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are Defendant Michelle Dailey's Motion for Reconsideration (ECF No. 256) and Motion to Reduce Sentence (ECF No. 258). For the reasons that follow, the court denies both Motions.

    **A.**    **Motion for Reconsideration**

Dailey first asks the court to reconsider her sentence—concurrent terms of imprisonment of 92 months and 48 months, followed by concurrent terms of supervised release of five years and one year—which the court imposed in January 2020. (ECF No. 169.) Specifically, Dailey argues that her sentence should be reduced based on "post-conviction rehabilitation." (ECF No. 256 at PageID #2056.) In support, she attaches a transcript of the educational coursework that she has completed in prison. (*Id.* at PageID #2059–61.) Notably, Dailey has taken everything from a "Housekeeping Apprenticeship" to classes on origami, anatomy, and various other subjects. (*Id.*)

The court is pleased that Dailey is taking advantage of the educational opportunities available to her in prison. Nevertheless, the court cannot alter her sentence on this basis. Dailey cites *Pepper v. United States*, 562 U.S. 476 (2011), but that case held only that "when a defendant's sentence has been set aside *on appeal*, a district court *at resentencing* may consider

evidence of the defendant's postsentencing rehabilitation." *Pepper*, 562 U.S. at 481 (emphasis added). Here, of course, Dailey's sentence has not been set aside on appeal, so *Pepper* is inapplicable. Dailey also cites 18 U.S.C. § 3742(e), but that statute governs appellate review of sentences and thus is similarly inapplicable. Accordingly, the court denies Dailey's Motion for Reconsideration (ECF No. 256).

        **B.**     **Motion to Reduce Sentence**

Dailey next argues that Amendment 821 to the United States Sentencing Guidelines ("Guidelines") entitles her to a reduced sentence. (ECF No. 258 at PageID #2066.) Relevant here, Amendment 821 altered the Guidelines in two ways. First, defendants with seven or more criminal-history points and who "committed the instant offense while under any criminal justice sentence" now receive one status point, and defendants with six or fewer criminal-history points now receive no status points. USSG § 4A1.1(e). Second, defendants who qualify as zero-point offenders now receive a two-offense-level reduction. *Id.* § 4C1.1(a).

Neither of these changes entitles Dailey to a reduced sentence. As to the first, Dailey was not serving a "criminal justice sentence" when she committed the instant offenses, so § 4A1.1(e) does not apply. And, as to the second, Dailey does not qualify as a zero-point offender; she received four criminal-history points. (ECF No. 142 at PageID #1167.) So. § 4C1.1(a) does not apply either. For these reasons, the court denies Dailey's Motion to Reduce Sentence (ECF No. 258).

        IT IS SO ORDERED.

                                                       */S/ SOLOMON OLIVER, JR.*
                                                       UNITED STATES DISTRICT JUDGE

May 14, 2024